**In re AIR CRASH DISASTER AT BALI, INDONESIA, ON APRIL 22, 1974.**

**No. 215.**

Judicial Panel on Multidistrict Litigation.

Sept. 18, 1975.

OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL,* Judges of the Panel.

PER CURIAM.

A Boeing 707 aircraft, being operated as Pan American Flight No. 812, crashed into a mountain on the Island of Bali, Indonesia, on April 22, 1974. All 96 passengers and eleven crew members died as a result of the crash. Fourteen actions arising from this disaster have since been filed in four federal district courts: seven in the Central District of California, five in the Northern District of California, and one each in the Southern District of New York and the Eastern District of Virginia. In addition, three actions are currently pending in New York state courts.

Four actions pending in three of the federal courts are each brought as purported class actions on behalf of the personal representatives, survivors, heirs, next of kin and beneficiaries of all decedents.

The federal actions are before the Panel as a result of two motions by various plaintiffs to transfer the actions to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Plaintiffs in three actions move for transfer to the Northern District of California, while plaintiffs in four actions move for transfer to the Southern District of New York. All responding parties recognize the need for transfer of this litigation under

* Judge Weigel recused himself and took no part in the consideration or decision of this matter.

Section 1407 but disagree over which district is the appropriate transferee forum. Plaintiffs in two actions concur with the motion for transfer to the Northern District of California. Defendants Pan Am and Boeing support transfer to the Southern District of New York. Defendants Collins Radio Co., Borg-Warner Corp. and Northrop Corp. prefer the Northern District of Iowa or, in the alternative the Southern District of New York. Plaintiff in one action favors the Eastern District of Virginia or, in the alternative, the Southern District of New York.

These actions clearly share common questions of fact and we find that their transfer to the Central District of California for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1]

The proponents of transfer to the Northern District of California contend that the San Francisco forum is preferable because it is geographically the most convenient for the parties and witnesses, especially since counsel will need to travel to Bali for discovery purposes. Moreover, they assert that much discovery will take place in that district because Pan Am has a major facility in San Francisco and the cockpit crew was based there.

Those who favor transfer to the Southern District of New York argue that most of the discovery will occur there inasmuch as Pan Am's training and personnel records for the flight crew, its maintenance records for navigational equipment aboard the aircraft, and its flight procedure manuals are all located in New York. Moreover, they inform us that, pursuant to an agreement that has been reached between the attorneys for 49 of the 96 passenger decedents and the attorneys for Pan Am and the deceased pilots' estates, Pan Am will produce its employees for depositions and its documents for inspection in New York. In addition, Pan Am points out that transfer to New York will provide an opportunity for the federal and New York state courts to coordinate the discovery efforts in the two jurisdictions.

The one plaintiff urging transfer to the Eastern District of Virginia asserts that that forum will be convenient for the key witnesses, the team of National Transportation Safety Board personnel who investigated the wreckage. He also contends that the Eastern District of Virginia is the most appropriate transferee forum since Boeing has offices in that locale and discovery is underway in the action pending there.

Three defendants favor the Northern District of Iowa even though no actions are presently pending in that district. They argue that the Iowa forum is the most convenient because it is centrally located to the various points in the country where discovery will take place. Defendant Collins Radio also notes that its principal office is in Iowa.

Any of the federal districts wherein actions are pending could, in our view, be described as an appropriate transferee forum for this litigation. On balance, however, we are persuaded that the Central District of California is the preferable choice because more actions are pending in this district than in any of the others. We certainly commend the parties who have voluntarily agreed to conduct pretrial discovery proceedings in New York and we see no reason why such cooperation cannot continue. And, of course, regardless of our decision to

---

1. The parties to all actions waived their right to oral argument and, pursuant to R. P.J.P.M.L. 14, 65 F.R.D. 253, 264 (1975), the question of transfer of this litigation under 28 U.S.C. § 1407 was submitted on the briefs.

transfer all actions to California, the depositions of the parties and witnesses will likely occur in proximity to their residences. *Fed.R.Civ.P.* 45(d)(2).

It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable David W. Williams for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

SCHEDULE A

Eastern District of Virginia

John Paul Causey, Jr., etc. v. Pan American World Airways, Inc., et al. — Civil Action No. 74–0428–R

Southern District of New York

Alice E. Wolcott, et al. v. Pan American World Airways, Inc., et al. — Civil Action No. 75 Civ. 1704–IBW

Northern District of California

Travelers Insurance Co. v. Collins Radio Co., et al. — Civil Action No. C75–771–GBH

Paul A. Eisler, etc. v. Pan American World Airways, Inc., et al. — Civil Action No. C75–772–SAW

Maureen Keating, et al. v. The Boeing Co., et al. — Civil Action No. C75–785–LHB

William Lawrence Zinke, et al. v. Collins Radio Co., et al. — Civil Action No. C75–779–ACW

Marianne Schroeder, et al. v. Collins Radio Co , et al. — Civil Action No. C75–564–WHO

Central District of California

John P. Causey, Jr , etc. v. Lee B. Zinke, et al. — Civil Action No. CV75–1364–DWW

Hamilton Lister Catchlove, et al. v. Pan American World Airways, Inc. — Civil Action No. CV75–1184–DWW

Floyd A. Demanes, etc. v. Pan American World Airways, Inc., et al. — Civil Action No. CV74–3662–MML

Paul A. Eisler, etc. v. Pan American World Airways, Inc., et al. — Civil Action No. CV75–553–MML

Ni Ketut Campling, et al. v. Lee B. Zinke, et al. — Civil Action No. CV75–1349–DWW

Beryl W. Slater, et al. v. Lee B. Zinke, et al. — Civil Action No. CV75–1339–DWW

Nesta Reymond, et al. v. Lee B. Zinke, et al. — Civil Action No. CV75–1370–DWW